JED W. MORRIS
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Center
717 W Sprague Ave.
Spokane, WA 99201-0466
(509) 455-9555

Attorneys for Defendants

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 09 2001

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL P. CAMPION on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CREDIT BUREAU SERVICES, INC.; DARLENE M. BRIGHT and JOHN DOE BRIGHT; THOMAS J. MILLER and JANE DOE MILLER; and NICHOLAS M. WARRICK and JANE DOE WARRICK,<br><br>    Defendants. | NO. CS-99-0199-EFS<br><br>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AMENDMENT OF THE ORDER ON CLASS CERTIFICATION |

Defendants, Credit Bureau Services, Bright, and Miller, by and through their respective counsel, submit this Memorandum in support of their Motion to amend the Court's Order on class certification.

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR AMENDMENT OF THE ORDER ON
CLASS CERTIFICATION: 1

\\SPOKANE1\VOL2\16DOC\PMVS355-JWM-CBS CAMPION - MEMORANDUM.DOC 5/8/01

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

## I. PROCEDURAL BACKGROUND

Plaintiff brought this action as a class action for state and federal law claims. Cross-motions for summary judgment were heard. The Court found language in a garnishment affidavit to be deceptive and therefore in violation of the Fair Debt Collection Practices Act, the Washington Collection Agency Act, and the Washington Consumer Protection Act.

Plaintiff moved for class certification. The Court denied certification as to a class involving garnishment payments. The Court granted certification as to a class consisting of consumers who received the garnishment affidavits.

The statute of limitations for the federal claims is one year. Therefore, the class is composed of consumers who received the garnishment affidavit during the period of July 13, 1998, to July 13, 1999.

The statute of limitations for the state law claims is four years. Therefore, the class for state law claims includes the consumers who received garnishment affidavits between July 13, 1995, and July 13, 1999. According to the deposition testimony of Darlene Bright, there are approximately 250 to 300 debtors who received garnishment affidavits in any given year. Therefore, an additional 750 to 900 class members would be included if the state law claims are certified.

The Court's Order on class certification certified only the issues of whether the affidavit language was deceptive, the debt was a consumer debt, whether the affidavits were returned as undelivered, and whether the affidavits were sent within the applicable statute of limitations. The Court did not certify issues of causation and

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR AMENDMENT OF THE ORDER ON
CLASS CERTIFICATION: 2

\\SPOKANE1\VOL2\16DOC\PMVS355-JWM-CBS CAMPION - MEMORANDUM.DOC 5/8/01

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

damages. In a status conference held on April 13, 2001, plaintiff's counsel conceded the inability to prove actual damages for the state law claims.

The Court asked the parties to file a proposed class certification notice. The parties consulted and filed the proposed notice. It eliminated the state law claims and retained the federal law claims.

Under the Fair Debt Collection Practices Act, damages in a class action are fixed by statute. The plaintiff is entitled to recover actual damages and the class members receive their proportionate share of the lesser of $500,000 or one percent of the net worth of the defendant.

The Washington Consumer Protection Act requires proof of causation and actual damages. There is no provision for statutorily fixed damages.

## II. AMENDMENT UNDER FRCP 52(b) IS APPROPRIATE

The parties have agreed on the record that there are no circumstances under which the class members could prove actual damages under state law. Assuming a class member could show that they received and relied upon the affidavit's language, they must then prove that the language caused actual injury. Although the Court has found that the affidavit mischaracterizes the calculations in the affidavit as "judgment amounts," as opposed to amounts sought to be reduced to judgment, there is no dispute that such amounts are fixed by the garnishment statutes. In other words, a garnishee defendant could not prove that the amounts are incorrect or improper as allowed costs in a garnishment proceeding. Therefore, there are no circumstances under which they could prove causation and damages.

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR AMENDMENT OF THE ORDER ON
CLASS CERTIFICATION: 3

\\SPOKANE1\VOL2\16DOC\PMVS355-JWM-CBS CAMPION - MEMORANDUM.DOC 5/8/01

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

The Court's Order on class certification assumes the class members could prove causation and damages under the Washington Consumer Protection Act. Since the parties have agreed that this is not possible, the Court's findings and conclusions should be amended to reflect the inability to prove damages and therefore, the lack of basis for class certification of the state law claims.

## III. CLASS NOTICE NOT APPROPRIATE

The Court has requested briefing on whether class notice is necessary if it denies certification of the state law claims. The defendants believe notice is unnecessary. The Court has broad discretion on how it manages a class action under FRCP 23(d). Applying the standards set forth in *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989), class notice would not be appropriate.

FRCP 23(d) is intended to give the Court great flexibility in the management of a class action.

> The power to modify a Rule 23(d) order will be particularly useful in connection with such matters as re-evaluating a decision as to the existence or non-existence of a class action under Rule 23(c)(1), determining the course of proceedings or prescribing measures to facilitate the presentation of evidence under Rule 23(d)(1), and imposing conditions on the representatives or intervenors under Rule 23(d)(3). However, any alteration or amendment of an outstanding order that could have a significant effect on the action may have to be brought to the attention of all members of the class. Otherwise, <u>class members may remain inactive in reliance on the earlier determination by the court</u> where an action is advisable for the protection of their rights. For example, a decision under Rule 23(d) to eliminate the class action status of the proceeding or to exclude certain persons who previously had been

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR AMENDMENT OF THE ORDER ON
CLASS CERTIFICATION: 4

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

\\SPOKANE1\VOL2\16DOC\PMVS355-JWM-CBS CAMPION - MEMORANDUM.DOC 5/8/01

> assumed to be members of the class, might work to the disadvantage of absentees who may permit the statute of limitations to run without protecting their individual rights by instituting separate actions.

Wright, Miller and Kane, *Federal Practice and Procedure: Civil 2d* § 1791 at pp. 287, 288 (emphasis added).

Notice is neither appropriate nor necessary under these circumstances. The Court has identified the following factors to determine if notice of pre-certification dismissal is required: (1) whether the class allegations were frivolous "boilerplate" claims asserted by the plaintiff in order to extract a more favorable settlement, (2) whether the plaintiff has entered a settlement that would be objectionable to or harm the absent class members, and (3) whether class members would suffer prejudice by not knowing about the dismissal because they had refrained from filing suit in reliance on the pending class action.

Defendants have filed the Affidavit of Jed W. Morris in support of this motion. It states the following: (1) the parties have not agreed on any settlement of this case and there are no settlement offers pending, and (2) the defendants have no knowledge of notice to any putative class members which would potentially create prejudice because they refrained from filing suit in reliance on the pending class action. Applying the three-part test set out in the Court's Order, there is no basis for pre-certification notice.

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR AMENDMENT OF THE ORDER ON
CLASS CERTIFICATION: 5

\\SPOKANE1\VOL2\16DOC\PMVS355-JWM-CBS CAMPION - MEMORANDUM.DOC 5/8/01

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

RESPECTFULLY SUBMITTED this 7th day of May, 2001.

LUKINS & ANNIS, P.S.

By _____
JED W. MORRIS
WSBA# 13832
Attorneys for Defendants, Credit
Bureau Services and Bright

By _____
TERRENCE W. CULLEN
WSBA# 12554
Attorney for Defendant Miller

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR AMENDMENT OF THE ORDER ON
CLASS CERTIFICATION: 6

\\SPOKANE1\VOL2\16DOC\PMVS355-JWM-CBS CAMPION - MEMORANDUM.DOC 5/8/01

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

```
 1 | JED W. MORRIS
   | LUKINS & ANNIS, P.S.
 2 | 1600 Washington Trust Financial Center
   | 717 W Sprague Ave.
 3 | Spokane, WA  99201-0466
   | (509) 455-9555
 4 |
 5 |
 6 |
 7 |
```

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL P. CAMPION on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT BUREAU SERVICES, INC.; DARLENE M. BRIGHT and JOHN DOE BRIGHT; THOMAS J. MILLER and JANE DOE MILLER; and NICHOLAS M. WARRICK and JANE DOE WARRICK,<br><br>Defendants. | NO. CS-99-0199-EFS<br><br>AFFIDAVIT OF JED W. MORRIS |

STATE OF WASHINGTON )
                     : ss
County of Spokane    )

  JED W. MORRIS, being first duly sworn upon oath, hereby deposes and says:

  1. I am competent to testify to the matters contained herein and do so on personal knowledge.

AFFIDAVIT OF JED W. MORRIS: 1

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

2. I am the attorney for defendants, Credit Bureau Services and Bright.

3. There are no settlement offers pending and the parties have not entered into a settlement agreement.

4. I am not aware of any facts which would support the conclusion that putative class members received notice of this class action and relied upon it to their detriment. I know of no publicity or other communications which would have given notice of this class action to putative class members.

_____
JED W. MORRIS

SUBSCRIBED AND SWORN to before me this 9th day of May, 2001.

Patricia W. Shattuck
_____
Notary Public (Signature)
Patricia W. Shattuck
_____
(Print Name)

(Seal or Stamp) My appointment expires: 12-15-03

AFFIDAVIT OF JED W. MORRIS: 2

\\SPOKANE1\VOL2\16DOC\PMVS357-JWM-CBS CAMPION AFF JWM.DOC 5/8/01

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555