Michael D. Kinkley
Michael D. Kinkley P.S.
914 Northtown Office Bd.
Spokane, WA 99207
(509) 484-5611
Attorney for Plaintiff

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 15 2001

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL P. CAMPION, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT BUREAU SERVICES, INC. (a Washington corp.), DARLENE M. BRIGHT and JOHN DOE BRIGHT (Wife and Husband), and THOMAS J. MILLER and JANE DOE MILLER (Husband and Wife);<br><br>Defendants. | Case No.: CS-99-0199-EFS<br><br>MEMORANDUM RE ACTUAL AND STATUTORY DAMAGES |

## I. CERTIFICATION OF ACTUAL AND STATUTORY DAMAGES

The Fair Debt Collection Practices Act, 15 U.S.C. §1692k (FDCPA), recognizes the certification of a class action to recover both actual and statutory damages. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998) ("The trial judge awarded Keele $ 1,000.00 in statutory damages, the Colorado Legal Aid Foundation $4,000.00 in statutory damages as a cy pres remedy for the settlement

MEMO RE ACTUAL AND CLASS DAMAGES - 1

ORIGINAL

*Michael D. Kinkley P.S.*
Law Offices of Washington and Idaho
914 Northtown Office Bd.
Spokane, WA 99207
(509) 484-5611

class, $14,250.00 of actual damages to the class, and $ 17,500.00 to Keele's attorneys for fees and costs.") Various district courts within the Ninth Circuit have certified FDCPA cases as class actions for the recovery of both actual and statutory damages. *Littledove v. JBC & Assocs.*, 2001 U.S. Dist. LEXIS 139, *15-*16 (E.D.Cal., Jan. 10, 2001); *Irwin v. Mascott*, 186 F.R.D. 567 (N.D.Cal. 1999), 112 F. Supp. 2d 937(N.D.Cal. 2000) (Plaintiffs' motions for partial summary judgment for actual and statutory damages, restitution, and interest and a preliminary injunction were granted), 2001 U.S. Dist. LEXIS 3285 (N.D.Cal., Feb. 27, 2001) (modification of class definition); *Brink v. First Credit Resources*, 185 F.R.D. 567 (D.Ariz. 1999), 57 F.Supp.2d 848 (D.Ariz. 1999) (granted plaintiff's motion for leave to file an amended complaint); *Price v. Surety Acceptance Corp.*, 1999 U.S.Dist. LEXIS 22418, *24-*25 (D.Ariz. 1999); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589, 594 and 600 (E.D.Cal. 1999).

Thus, it is appropriate for the Court to certify this action as a class action for recovery of both actual and statutory damages.

## II. ACTUAL AND STATUTORY DAMAGES

One of the Class Counsel, namely, Michael D. Kinkley, misspoke when he suggested that proof of causation of actual damages would be difficult. That is not a correct statement of the law. While it is not necessary to decide merits at this point, an identification of Plaintiff's argument may inform the court's decision to reconsider the inclusion of consideration of actual damages in this proceeding. Plaintiff believes that the court should include the determination of actual damages

MEMO RE ACTUAL AND CLASS DAMAGES - 2

*Michael D. Kinkley P.S.*
Law Offices of Washington and Idaho
914 Northtown Office Bd.
Spokane, WA 99207
(509) 484-5611

in the class certification. Plaintiff also believes that the Washington state Consumer Protection claim should continue to be included. RCW 19.86 et. seq.

Counsel was apparently erroneously reading more into the court prior Orders than was apparent with regard to the court's rejection of actual damages. Plaintiff believes that the state law claims and the claims for actual damages have survived the court's rulings after a more careful reading of the court's Summary Judgment Order entered on September 25, 2000 (SumJudg-I); the court's Order denying Motion to Dismiss, and Granting in part and denying in part Motion to Strike and Motion for Class Certification entered on March 16, 2001(CERT-I); the Proposed Order establishing a Class Action Notice Content and Distribution Plan provided to counsel at the beginning of the hearing on April 13, 2001; and the Order directing Briefing on Dismissal of State Law Claims and on Certification of Actual Damages Question entered April 30, 2001(CERT-II).

Actual damages are available based upon the following application of the law.

1. The clerk of the court is required ("shall") to issue a Writ of Garnishment when the judgment creditor presents a declaration swearing to the amount of the judgment. RCW 6.26.070.
2. The amount of the judgment sworn to was a misrepresentation. SumJudg-I.
3. The writ was caused to be issued by this misrepresentative declaration. RCW 6.26.070.
4. The writ was issued in an amount greater than allowed by law in all cases where more than one writ was ever issued. SumJudg-I, *Watkins v. Peterson*, 137 Wn. 632, 637, 937 P.2d 1037 (1999).

*Michael D. Kinkley P.S.*
Law Offices of Washington and Idaho
914 Northtown Office Bd.
Spokane, WA 99207
(509) 484-5611

5. All Plaintiffs have statutory damages. All Plaintiffs have actual damages in the miscalculation of interest by the defendant based upon the misrepresentation of the estimated fees and costs as a "judgment" as well as the value (interest) of the loss of use of the money wrongfully withheld from their paycheck or bank account for whatever period of time it was held until a judgment was entered. Many Plaintiffs have actual damages as a result of defendant causing writ to be issued based upon a misrepresentation that a judgment had been entered when under Washington Garnishment law no judgment or award of fees could ever be allowed. *Watkins v. Peterson*, 137 Wn. 632, 637, 937 P.2d 1037 (1999).

In *Picht v. Hawks,* 77 F.Supp.2d 1041, 1999 U.S.Dist. Lexis 13749, Aff'd 236 F.3d 446 (8th Cir. 2001) the court held that a later garnishment based upon "strict liability nature of the FDCPA compels the conclusion that Defendant violated the FDCPA by pursuing a garnishment based upon the improperly entered default judgment." In that case, under Minnesota law a clerk can not enter a judgment for an amount that involves discretion which included a determination of attorney fees, penalties, and costs. When the debt collected pursued garnishment based upon that default judgment the debt collected violated the FDCPA.

The purpose of this memorandum is not to persuade the court at this juncture to decide actual damage must be awarded but merely to demonstrate the nature of the issue.

*Michael D. Kinkley P.S.*
Law Offices of Washington and Idaho
914 Northtown Office Bd.
Spokane, WA 99207
(509) 484-5611

## III. DISMISSAL OF STATE LAW CLAIMS

If the court allows actual damages to be pursued in this matter it would not be appropriate to dismiss the state law claims. Plaintiff's decision to consider dropping state law claims was based upon the court's initial determination that it would not certify the issue of actual damages. It did not seem fair to the class members to present their state law claims without presenting actual damages. Since there are no statutory damages associated with the state law claims, inclusion of the state law claims without actual damages as a FRCP 23(b)(3) class while denying certification under FRCP 23(b)(2) may not have been optimal for certain class members.

Plaintiff urges the court to certify the determination of actual damages as a modification of the FRCP 23(b)(3) determination entered on March 16, 2001.

## IV. NOTICE TO THE CLASS

The claims certified are the claims being pursued in this matter if the court certifies the question of actual damages.

Dated this 15th day of May, 2001.

*Michael D. Kinkley P.S.*

Michael D. Kinkley
WSBA 11624

MEMO RE ACTUAL AND CLASS DAMAGES - 5

*Michael D. Kinkley P.S.*
Law Offices of Washington and Idaho
914 Northtown Office Bd.
Spokane, WA 99207
(509) 484-5611

I, Robert Redmond, hereby certify that I delivered a copy this MEMORANDUM RE ACTUAL AND STATUTORY DAMAGES on May 15, 2001 to:

> Jed Morris
> Attorney at Law
> 1600 Washington Trust Financial Center
> 717 W. Sprague Ave.
> Spokane, WA 99201-0466

And that on May 15, 2001 I Faxed and mailed copies to:

> Terrence J. Cullen
> Forsberg & Umlauf, P.S.
> 900 4th Ave., Ste. 1700
> Seattle, WA 98164-1039

DATED this 15th day of May, 2001.

*[signature]*
Robert Redmond

MEMO RE ACTUAL AND CLASS DAMAGES - 6

*Michael D. Kinkley P.S.*
Law Offices of Washington and Idaho
914 Northtown Office Bd.
Spokane, WA 99207
(509) 484-5611