FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 21 2001

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL P. CAMPION, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT BUREAU SERVICES, INC. (a Washington corp.), DARLENE M. BRIGHT and JOHN DOE BRIGHT (Wife and Husband), and THOMAS J. MILLER and JANE DOE MILLER (Husband and Wife);<br><br>Defendants. | NO. CS-99-0199-EFS<br><br>**ORDER ESTABLISHING CLASS ACTION NOTICE CONTENT AND DISTRIBUTION PLAN** |

**BEFORE THE COURT** is the parties' Joint Proposed Revision to Class Notice and Proposed Distribution Plan, (Ct. Rec. __), filed on August 20, 2001. This document responds to the Court's July 18, 2001, Order Amending Class Certification Order and Setting Deadline for Filing Notice and Distribution Plan, (Ct. Rec. 164). That Order directs the parties to file with the Court a joint proposed revision to the notice attached to the July 18, 2001, Order and a joint proposed distribution plan that provide to the Affidavit Class members the best notice practicable under the circumstances.

ORDER ESTABLISHING CLASS ACTION NOTICE CONTENT AND DISTRIBUTION PLAN * 1

## I. APPLICABLE LAW

Where a class is certified because common questions of law or fact predominate, class members shall be given notice of the certification that is the best notice practicable under the circumstances. *See* Fed. R. Civ. P. 23(c)(2). Individual notice must be sent to all members whose names and addresses can be identified through reasonable effort. *See id; Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). The notice itself

> shall advise each member that (A) the court will exclude the member from the class if the members so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

Fed. R. Civ. P. 23(c)(2). The notice must include a fair recital of the subject matter and substantive claims, written in objective, neutral terms understood by the average class member; information on the projected recovery, taking into account prospective attorney fees and other administrative costs; any other information a reasonable person would consider material in making informed, intelligent decision of whether to opt out or remain a member of class and be bound by final judgment; and the names and addresses of the attorneys representing the class representative. *See, e.g., Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177-78 (9th Cir. 1977), *overruled on other grounds by Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985); *Hitt v. Nissan Motor Co. (In re Nissan Motor Corp. Antitrust Litigation)*, 552 F.2d 1088, 1104-05 (5th Cir. 1977); *Cosgrove v. First & Merchants Nat. Bank*, 68 F.R.D. 555, 561 (E.D. Va. 1975); *Burwell v.*

*Eastern Airlines, Inc.*, 68 F.R.D. 495, 499-500 (E.D. Va. 1975). Finally, the class members must be given adequate time to respond to the notice. *See Holiday Magic*, 550 F.2d at 1178.

## II. DISCUSSION

Plaintiff proposes to distribute the class action notice to each class member via first class mail. Because Defendants have the names and addresses of the class members, the Court finds that such distribution provides the best notice practicable under the circumstances. *See* Fed. R. Civ. P. 23(c)(2).

With one exception, the parties agree to the notice attached to the Court's July 18, 2001, Order. Plaintiff wishes to attach copies of the affidavits that Defendants sent to Mr. Campion. Defendants believe this is unnecessary and will add to the notice's mailing costs. Attachment of the affidavits to the notice will assist individuals in understanding the matter to which the notice pertains. Accordingly, copies of the affidavits shall be attached to the notice and the notice shall state that "[t]he two affidavits for writ of garnishment that Defendants sent to Mr. Campion are attached." This amended notice, set forth as Attachment A of this Order, meets the requirements set forth in Fed. R. Civ. P. 23(c)(2) and is approved for distribution to class members.

Accordingly,

**IT IS HEREBY ORDERED:**

1. The class action notice, as set forth in Attachment A, is approved for distribution to the class action members.

2. Defendants shall provide the names and addresses of all class members to Plaintiff no later than **September 7, 2001**. The names and addresses shall be provided on a computer disk in a format acceptable to and readily usable by the mailing service that Plaintiff selects.

3. Plaintiff shall distribute the class action notice by mailing a copy of it by first class United States mail to each class member no later than **September 28, 2001**. Notice expenses shall be borne by Plaintiffs and advanced by counsel for Mr. Campion.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 21st day of August 2001.

_____
EDWARD F. SHEA
United States District Judge

Q:\Civil\1999\CS-0199.ord.class cert notice.wpd

ORDER ESTABLISHING CLASS ACTION NOTICE CONTENT AND DISTRIBUTION PLAN * 4

**ATTACHMENT A**

**NOTICE TO CLASS MEMBERS**

THIS IS TO NOTIFY YOU THAT YOU MAY BE A MEMBER OF THE CLASS CERTIFIED IN THE ABOVE-CAPTIONED ACTION. THIS NOTICE EXPLAINS:

A. The lawsuit;

B. Your rights as a class member; and

C. Additional information.

**A. THE LAWSUIT**

A class action lawsuit was filed by Michael P. Campion against Defendants Credit Bureau Services, Inc., ("CBS"), Darlene M. Bright and John Doe Bright ("Ms. Bright"), and Thomas J. Miller and Jane Doe Miller ("Mr. Miller") in the United States District Court for the Eastern District of Washington alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), the State of Washington Collection Agency Act ("WCAA") and the State of Washington Consumer Protection Act ("WCPA"). The Court has certified this action as a class action on behalf of the following class:

> (i) all persons with addresses in the State of Washington (ii) to whom Defendants sent one or more Affidavit(s) for Writ of Garnishment which are the same as or similar to either of the two affidavits Defendants sent to Mr. Campion (iii) regarding obligations incurred for personal, family, or household purposes (iv) which Affidavit(s) were not returned as undelivered by the Post Office (v) for the period prior to July 13, 1999, the date this action was filed, corresponding to the statute of limitations of the violated statute (one year for the FDCPA; four years for the WCAA and WCPA).

The two affidavits for writ of garnishment that Defendants sent to Mr. Campion are attached.

ORDER ESTABLISHING CLASS ACTION NOTICE CONTENT AND DISTRIBUTION PLAN * 5

The Court has made the following rulings in this action: (1) this case shall proceed as a class action as described above, (2) this notice shall be sent to all members of the class, (3) through this notice, the members of the Class shall be advised of the right to opt-out of this class action, (4) if you do not opt-out, you will be bound by the judgment entered by the Court in this action, and (5) if you do not opt-out, you may appear in this action either through counsel for Mr. Campion, the class representative, or through your own counsel. In certifying this class action, the Court has made no ruling on the merits of Mr. Campion's claims or defenses. The class will be required to prove its case.

The following questions will be addressed in this class action: (1) whether the affidavits sent to the class members misrepresented the "legal status" of unawarded attorney fees and costs by describing them as "judgment" amounts; (2) whether the affidavits concerned obligations that were incurred for personal, family or household purposes, or for business purposes; (3) whether the affidavits were delivered to the class members or returned as undelivered by the Post Office; (4) whether the affidavits were sent within the applicable statutes of limitations; (5) whether, under the WCPA, Defendants' acts or practices caused injury to the class member in his or her business or property; and (6) questions regarding damages.

**B.  YOUR RIGHTS AS A CLASS MEMBER**

1. If this action is successful, the FDCPA entitles the class members qualifying under the FDCPA statute of limitations to share

equally in a recovery of statutory damages not to exceed $500,000.00 or up to one percent (1%) of the net worth of Defendants, whichever is less. It is estimated that there are 250 potential class members. In addition, you might receive damages that you actually suffered as a result of any violation of the FDCPA, WCAA or WCPA that Defendants are found to have committed. Finally, Defendants may be liable for the costs of the lawsuit and for reasonable attorneys' fees, as determined by the Court.

    2. If you wish to participate as a member of this class, you need not do anything. If you participate as a class member, you will be bound by the judgment in this action, whether or not it is favorable to you. If recovery is allowed, your share of any recovery, less the cost of this notice, will be mailed to you as directed by the Court. If you participate as a class member, you have the right to file an appearance or participate as a named plaintiff in this case through your own attorney. It is not necessary to appear or intervene with your own attorney in order to receive your share of any recovery. If you do want to appear or intervene through your own attorney, you must do so no later than **[30 days from the date this notice is mailed]**. Otherwise, you will be represented by Michael D. Kinkley or O. Randolph Bragg, counsel for class representative Mr. Campion, at all further court proceedings.

    3. If you do not want to participate as a member of this class, you must notify Mr. Kinkley or Mr. Bragg by notice postmarked and mailed no later than **[30 days from the date this notice is mailed]**.

ORDER ESTABLISHING CLASS ACTION NOTICE CONTENT AND DISTRIBUTION PLAN * 7

The addresses of Mr. Kinkley and Mr. Bragg appear at the end of this notice.

If you decide not to participate, you will have the right to bring an individual lawsuit on your own behalf against Defendants as long as you bring suit within the time allowed by law. If you choose to bring your own lawsuit, you will have to prosecute the case to its conclusion separate from the class. If you bring your own lawsuit and win, you might recover a larger amount of money than you will receive under this class action. If you lose your own lawsuit, you will recover nothing and will be responsible for paying your own attorney fees and costs.

**C. ADDITIONAL INFORMATION**

If you would like more information about this notice or this litigation, you may write to the counsel for class representative Mr. Campion at:

> Campion Class Action
> Michael D. Kinkley
> *Michael D. Kinkley, P.S.*
> 914 Northtown Office Bldg.
> Spokane, Washington 99207
>
> or
>
> Campion Class Action
> O. Randolph Bragg
> HORWITZ, HORWITZ & ASSOC.
> 25 East Washington Street, Suite 900
> Chicago, Illinois 60602

**Please do not contact the Judge or the Clerk of the Court. They will not be able to give you advice about this case.** The papers filed in this case are available for inspection in the Office of the Clerk,

1. United States District Court for the Eastern District of Washington, 825 Jadwin Avenue, Room 174, Richland, Washington 99352.