Michael D. Kinkley
MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

Class Counsel

*FILED IN THE*
*U.S. DISTRICT COURT*
*EASTERN DISTRICT OF WASHINGTON*

OCT 22 2001

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL P. CAMPION, on behalf of himself and all others similarly situated; Plaintiffs, v. CREDIT BUREAU SERVICES, INC. (a Washington Corp.), DARLENE M. BRIGHT and JOHN DOE BRIGHT (Wife and Husband), and THOMAS J. MILLER and JANE DOE MILLER (Husband and Wife); Defendants. | Case No.: CS-99-0199-EFS<br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT |

I.  ADOPT COURT RULINGS RE Mr. CAMPION FOR *CAMPION* CLASS

The Plaintiff Michael Campion on behalf of the members of the class requests that the court extend to the class the determinations made in the September 20, 2000, *Order Granting in part and Denying in part...Parties cross motions for Summary Judgment*; *Campion v. Credit Bureau Servs.*, 2000 U.S. Dist. LEXIS 20233, *45 (E.D.Wash., Sept. 20, 2000).

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 1

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

to the class. "Prior decision of legal issues should be followed unless there is substantially different evidence at a subsequent trial, new controlling authority, or the prior decision was clearly erroneous and would result in injustice. *Kimball v. Callahan,* 590 F.2d 768, 772 (9th Cir.), cert. den. 444 U.S. 826, 100 S. Ct. 49, 62 L. Ed. 2d 33 (1979); *Handi Inv. Co. v. Mobil Oil Corp.*, 653 F.2d 391, 1981 U.S. App. LEXIS 18637 (9th Cir. Cal. 1981);*White v. Murtha,* 377 F.2d 428 (5th Cir. 1967); *Ballard v. Equifax Check Servs.*, 158 F. Supp. 2d 1163, 2001 U.S. Dist. LEXIS 12841 (E.D. Cal. 2001)(applying summary judgment determination made for individual pre-certification to the class)

The Plaintiff Michael Campion on behalf of the members of the class requests that the court extend to the class the determinations made in the September 20, 2000, *Order Granting in part and Denying in part…Parties cross motions for Summary Judgment*; *Campion v. Credit Bureau Servs.*, 2000 U.S. Dist. LEXIS 20233, *45 (E.D.Wash., Sept. 20, 2000):

1. The facts stated in I. Background. pp 2-5

2. That Credit Bureau Services Inc, Darlene Bright, and Thomas Miller are each debt "collectors" as defined by 15 USC 1692(a)(6). pp 11-13.
3. That Class members are "consumers".(Defendants have agreed to stipulate to this point), see p.14.

4. That defendant CBS is liable for the actions of its agents Bright and Miller. pp 15-16.

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 2

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

5. The factual findings and determination that the use of the word "judgment" was a false statement in the affidavits for garnishment in violation of 15 USC 1692e(2)(A) by Defendants CBS, Bright and Miller. pp 16-22

6. That the inclusion of fees and costs from Writ A in an affidavit for Writ B without first obtaining a judgment for Writ A is violation of 15 USC 1962e(2)(A) and USC 1692f(1), by Defendants CBS, Bright and Miller. pp. 30-32

7. That defendants are liable for damages under 15 UCS 1692k as a result of the violations of the FDCPA. pp 32-34

8. That defendants a CBS violated RCW 19.16.250(14) and (15). pp 36-37

9. That defendants CBS and Bright are liable for violation of Washington Consumer Protection Act, 19.86. et seq. and remedies pursuant to RCW 19.86.090 should be applied. pp 36-39.

10. That it was the defendants, not the state court clerk that initiated collection activities. That state court clerk merely carried out her duties. p. 44. Line 9-12.

While a judgment has not yet been entered the principles and policy behind "issue preclusion" are appropriate for consideration in determining whether t apply the prior ruling of the court. Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 2001 U.S. App. LEXIS 17218, 2001 Cal. Daily Op. Service 6635, 2001 D.A.R. 8143, 2001-2 Trade Cas. (CCH) P73374 (9th Cir. Cal.; quoting *Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995), as amended, 75 F.3d 1391 (9th Cir. 1996) (internal

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 3

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

quotation omitted). It precludes relitigation of both issues of law and issues of fact. *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997). The party asserting collateral estoppel must show that the estopped issue is identical to an issue actually litigated and decided in the previous action. *Kamilche*, 53 F.3d at 1062.

Preclusive force attaches only to issues that were necessary to support the judgement in the prior action. *Resolution Trust Corp., v. Keating*, 186 F.3d 1110, 1115 (9th Cir. 1999). Litigants are not precluded from relitigating an issue if its determination was merely incidental to the judgment in the prior action. *Id.* Only those issues in the first proceeding that are relevant in the second proceeding are admissible. See *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 225 (9th Cir. 1964). The court has the duty, as it does with the admission of all evidence, to determine what is probative to the proceeding at hand and can exclude matters that are irrelevant. See id.

## II. GARNISHMENT AFFIDAVIT "CAUSES" VIOLATES WCPA

### Elements of WCPA Cause of Action

To prevail on a Washington Consumer Protection Act (WCPA), RCW 19.86. et seq. claim, a plaintiff must prove each of the following five elements: (1) that the defendant engaged in an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that affects the public interest, and (4) causes injury (5)

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 4

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

to plaintiff in his or her business or property. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986).

The first 3 elements of the WCPA have previously been established by the Plaintiffs. See § I. above. Defendants dispute only the fourth and fifth elements i.e. that defendants conduct "caused an injury to property" of members of the class. The fourth [733 P.2d 211] prong of the *Hangman Ridge* test is that class members must be injured in their business or property. This requirement is based on *RCW 19.86.090*, which uses the term "injured" rather than suffering "damages." "This distinction makes it clear that no monetary damages need be proven, and that nonquantifiable injuries, such as loss of goodwill would suffice for this element of the Hangman Ridge test." *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740, 733 P.2d 208,(Wash. 1987). "This is bolstered by the fact that the act allows for injunctive relief, clearly implying that injury without monetary damages will suffice." *Id.*

The fifth prong of the Hangman test is causation. "The causal link must exist between the deceptive act (the inflated appraisal) and the injury suffered. *Schmidt v. Cornerstone Investments, Inc.*, 115 Wn.2d 148, 167-168, 795 P.2d 1143 (Wash. 1990); citing *Travis*, at 407, 759 P.2d 418; *Nordstrom, Inc. v. Tampourlos*, 107 Wash.2d 735, 741, 733 P.2d 208 (1987).

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 5

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

The first prong of proximate cause is cause in fact. *Schooley v. Pinch's Deli Market, Inc.*, 134 Wash.2d 468, 478, 951 P.2d 749 (1998). "Cause in fact concerns 'but for' causation, events the act produced in a direct unbroken sequence which would not have resulted had the act not occurred." *Hertog v. City of Seattle*, 138 Wash.2d 265, 282-83, 979 P.2d 400 (1999). The question of cause in fact is normally left to the jury, however, if "reasonable minds could not differ, th[is] factual question[ ] may be determined as a matter of law." Id. at 275, 979 P.2d 400. *Kim v. Budget Rent A Car Sys.*, 143 Wn.2d 190, 143 Wn.2d 191, 15 P.3d 1283, 2001 Wash. LEXIS 73 (2001)

Legal cause is the second prong of proximate causation and "[is] a question of law" for the court. *Id.*; *McCoy v. Am. Suzuki Motor Corp.*, 136 Wash.2d 350, 359, 961 P.2d 952 (1998).

> Legal causation is a much more fluid concept [than cause in fact]. It is grounded "in policy determinations as to how far the consequences of a defendant's acts should extend." The focus in legal causation analysis is on "whether, as a matter of policy, the connection between the ultimate result and the act of the defendant is too remote or insubstantial to impose liability." This inquiry depends upon ' "mixed considerations of logic, common sense, justice, policy, and precedent.' "

*Tyner v. Dep't of Soc. & Health Servs.*, 141 Wash.2d 68, 82 1 P.3d 1148 (2000) (quoting *Schooley*, 134 Wash.2d at 478-79, 951 P.2d 749).

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 6

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

All members of the class and Mr. Campion suffered an injury to property caused by the filing of a false affidavit by the defendants. The Washington Garnishment statute *requires* the court clerk to issue a Writ of Garnishment if the judgment creditor makes a statutorily sufficient application. *RCW 6.27.070; see RCW 6.27.060(requirements of application)*. The clerk "shall immediately issue and deliver a writ of garnishment in the form prescribed in RCW 6.27.100." *RCW 6.27.070*. The writ statutory form requires the garnishee to withhold money or property from the class member.

The defendants are using the power of the state courts to take money or property from the class member. See *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). The state statute attempts to comply with due process by requiring a *specific* sworn statement from the judgment creditor. RCW 6.27.060.

The element of the sworn statement is in place to reduce the likelihood of wrongful deprivation. See *Connecticut v. Doehr*, 501 U.S. 1, 115 L. Ed. 2d 1, 111 S. Ct. 2105 (1991) (applied the three-part inquiry of *Mathews v. Eldridge*, 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976), in order to determine whether Connecticut's attachment statute satisfied due process); *Tri-State Dev. v. Johnston*, 160 F.3d 528, 1998 U.S. App. LEXIS 27787, 98 Cal. Daily Op. Service 8081, 98

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 7

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

D.A.R. 11267 (9th Cir. Wash. 1998)( Washington pre-judgment attachment statute RCW 6.25. is unconstitutional as applied).

This is an important constitutional consideration since the deprivation of the property or money is being done without prior notice or an opportunity to be heard by the class member/judgment creditor. Id. The specific sworn statement required from the judgment creditor includes the *amount* due under an *existing* unsatisfied or partially unsatisfied *judgment*. RCW 6.27.060. Under a constitutional analysis whether a prior *judgment* exists for an attachment without prior notice or opportunity to b heard is an important consideration.

The defendants in this case filed a false affidavit claiming a "judgment" for an amount that was not the judgment amount due. In an unbroken sequence of events: the clerk would not issue a writ of garnishment *but for* the false affidavit, the garnishee would not withhold the money or property of the class member *but for* the writ issued based upon the false affidavit.

### III. DEFENDANT CBS VIOLATED WCAA

For the reasons expressed in the court's September 20, 2000, *Order Granting in part and Denying in part…Parties cross motions for Summary Judgment,* at pp36-38, the defendant have violated the Washington Collection Agency Act specifically RCW 19.16.20(14) and (18).

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 8

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

## IV. DEFENDANTS CBS and BRIGHT VIOLATED THE WCPA

For the reasons expressed in the court's September 20, 2000, *Order Granting in part and Denying in part...Parties cross motions for Summary Judgment,* at pp38-39, and as discussed in § II. Above, defendants Bright and CBS have violated the Washington Consumer Protection Act, RCW 19.86.090.

## V. DEFENDANTS ARE LIABLE FOR ACTUAL DAMAGES

Defendants are liable for actual damages. Defendants CBS, Miller and Bright are liable for actual damages pursuant to the FDCPA, 15 USC 1692k. Defendants CBS and Bright are liable for actual damages pursuant to the WCPA, RCW 6.27.090.

### A. BOTH ACTUAL AND STATUTORY DAMAGES ARE SOUGHT FOR VIOLATIONS OF THE FDCPA.

Mr. Campion and the class seek a recovery of both actual and statutory damages for defendants' violations of the FDCPA.

The FDCPA provides:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 9

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

(B) in the case of a class action,
(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and
(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and . . .

15 U.S.C. §1692k. See: *Campion v. Credit Bureau Servs.*, 2000 U.S. Dist. LEXIS 20233, *45 (E.D.Wash., Sept. 20, 2000).

For example, "[t]he trial judge awarded Keele $ 1,000 in statutory damages, the Colorado Legal Aid Foundation $ 4,000 in statutory damages as a cy pres remedy for the settlement class, $ 14,250 of actual damages to the class, and $ 17,500 to Keele's attorneys for fees and costs." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). In *Ballard v. Equifax Check Services, Inc.*, 158 F.Supp.2d 1163, 2001 U.S. Dist. LEXIS 12841, *33 (E.D.Cal. 2001), the district court held that defendant debt collector was liable for actual damages for its FDCPA violations. "For violations of the FDCPA, CEA is liable for actual damages consisting of foreseeable out-of-pocket expenses incurred by check writers in responding to CEA's demands, including the amount which CEA collected above the face amount of each check, plus pre-judgment interest, for all payments demanded or made on or after January 1, 1994." *Irwin v. Mascott*, 112 F.Supp.2d 937, 955 (N.D.Cal. 2000).

Various district courts within the Ninth Circuit have certified FDCPA cases as class actions for the recovery of both actual and statutory damages. *Connor v. Automated Accounts, Inc.*, 2001 U.S. Dist. LEXIS 10458 (E.D.Wash. 2001); *Littledove v. JBC & Assocs.*, 2001 U.S. Dist. LEXIS 139, *15-*16 (E.D.Cal., Jan. 10, 2001); *Irwin v. Mascott*, 186 F.R.D. 567 (N.D.Cal. 1999), 112 F.Supp.2d

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 10

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

937(N.D.Cal. 2000) (Plaintiffs' motions for partial summary judgment for actual and statutory damages, restitution, and interest and a preliminary injunction were granted), *Price v. Surety Acceptance Corp.*, 1999 U.S. Dist. LEXIS 22418, *24-*25 (D.Ariz. 1999); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589, 594 and 600 (E.D.Cal. 1999).

Mr. Campion and the class are also entitled to an award of statutory damages pursuant to the FDCPA. 15 U.S.C. §1692k(a)(2)(B). An amount of up to $1,000 may be awarded to Mr. Campion on and up to 1 percent of the net worth of each defendant may be awarded to the class. Net worth is measured as the book value of each defendant. *Saunders v. Jackson*, 209 F.3d 998 (7th Cir. 2000). Thus, it is appropriate for the Court to award Mr. Campion and the class both actual and statutory damages.

### B. WCPA allows actual damages

RCW 19.86.090 provides:

> Any person who is injured in his or her business or property by a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060, ... may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained: PROVIDED, That such increased damage award for violation of RCW 19.86.020 may not exceed ten thousand dollars....

### VI. Actual damages for multiple garnishments

In all cases in which the defendants garnished the member of the class more than once the clerk was required to issue and did issue a writ which required the garnishee to withhold that sum of money. In all such cases the affidavit was false as to the amount of the judgment (as in all cases) and included an amount in excess

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF SUMMARY JUDGMENT - 11

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

of any amount that a garnishment writ could lawfully capture. The measure of damages is clearly easily ascertainable as the amount in excess of the true judgment amount less the allowable cost for the instant garnishment i.e. the costs and attorney fees for the prior garnishment which in all cases had not been reduced to judgment, together with the additional interest and the additional attorney fees for garnishment to the extent that they were based upon a percentage of the judgment. RCW 6.27.100. For all class member the actual damages sustained was the additional amount of interest attributed to a "judgment" which included attorney fees and costs that were not in fact a judgment.

Dated this 27st day of October, 2001

_____
Michael D. Kinkley

PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT - 12

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611