Michael D. Kinkley
MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611
Class Counsel

RECEIVED
DEC 0 3 2001
LUKINS & ANNIS, P.S.

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
DEC 0 3 2001
JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL P. CAMPION, on behalf of himself and all others similarly situated; Plaintiffs, <br><br> v. <br><br> CREDIT BUREAU SERVICES, INC. (a Washington Corp.), DARLENE M. BRIGHT and JOHN DOE BRIGHT (Wife and Husband), and THOMAS J. MILLER and JANE DOE MILLER (Husband and Wife); Defendants. | Case No.: CS-99-0199-EFS <br><br> REPLY RE CLASS MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. RELIANCE

Defendants argue that Plaintiff's claim for actual damages requires proof of reliance which can not be achieved. This is not true. It is the structure of the Washington garnishment statute which causes the damages to automatically occur once the seizure process is set in motion by the filing of a false affidavit for garnishment by these defendants. *RCW 6.27.060; RCW 6.27.070.* The Washington Garnishment statute *requires* the court clerk to issue a Writ of Garnishment if the judgment creditor makes a statutorily sufficient application. *RCW 6.27.070; see*

REPLY RE CLASS MOTION FOR
SUMMARY JUDGMENT - 1

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

*RCW 6.27.060(requirements of application).* The clerk "shall immediately issue and deliver a writ of garnishment in the form prescribed in RCW 6.27.100." *RCW 6.27.070*. The writ statutory form requires the garnishee to withhold money or property from the class member. There is no need for the class member to prove reliance on the misrepresentation since the misrepresentation by the defendants', without more, caused the seizure of the funds. A determination of the excess amount of the seizure can be determined by a summary of the defendants' records and/or the court files.

The judgment debtor does not have a choice in whether his money or property is seized- that is the very point of the garnishment statute. The judgment debtor does not <u>rely</u> on the misrepresentation in the garnishment affidavit to pay money to the judgment creditor. The judgment debtor has no choice so his *reliance* does not come into play. The court clerk does rely on the affidavit for garnishment in every case. There is *not a question of whether or not* there was reliance since the statute mandates her conduct. The reliance is proven by the nature of the process. The nature of the process is dictated by constitutional concerns and the balancing of interests of the judgment creditor *after judgment* and rights of the judgment debtor to due process including the risk of wrongful deprivation. See e.g. *Mathews v. Eldridge*, 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976).

REPLY RE CLASS MOTION FOR
SUMMARY JUDGMENT - 2

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

It is a simple logical syllogism: If A, then B, therefore C, i.e. If a garnishment affidavit is filed alleging a judgment and non-exempt assets held by a garnishee (RCW 6.27.060), then the clerk *must* issue a Writ (RCW 6.27.070), therefore the money or property of the judgment debtor must be seized as a result of the service of the Writ of garnishment (RCW 6.27.120).

The law in Washington regarding the Washington Consumer Protection Act and the issue of proof of reliance has recently less clear. In *Pickett v. Holland America Line-Westours, Inc.*, No. 70300-1, (Slip Op., November 29, 2001), 2001 Wash. LEXIS 758, the court discussed the "level of proof required to show causation" stating that "the issue under the facts of this case is whether individual reliance and knowledge is required to prove causation [under the WCPA]." *Pickett*, at 2001 Wash. LEXIS 758, *27. The court analyzes *Edmonds v. John L. Scott Real Estate, Inc.*, 87 Wash. App. 834, 942 P.2d 1072 (1997), which held that "[i]njury and causation are established if the plaintiff loses money because of unlawful conduct", based upon the holding in *Mason v. Mortgage Am., Inc.*, 114 Wash. 2d 842, 792 P.2d 142 (1990). 2001 Wash. LEXIS 758, *29. The court however, found that "Under the posture of this case, we believe it is enough to say that this is a debatable question without a clear answer under Washington law." 2001 Wash. LEXIS 758, *30.

REPLY RE CLASS MOTION FOR
SUMMARY JUDGMENT - 3

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

Fortunately this court does not need to resolve the unsettled question of the quantum of proof of reliance under the WCPA since the nature of the garnishment statute itself provides the proof needed to establish the WCPA causation. The only question is how much money was seized compared to the amount of an existing unsatisfied judgment. The amount of money seized was based upon the amount misrepresented to be a judgment on the affidavit for garnishment.

## II. APPLICATION OF COURT'S PRIOR RULING ON SUMMARY JUDGMENT

Defendants do not identify any reason that the court should not apply the ruling on Summary Judgment in favor of the named plaintiff, Michael Campion, to the members of the class.

## III. NET WORTH

The statutory class damages must be based upon an analysis of the factors identified in 15USC 1692k(b)(2) as argued by the defendant. The Proceedings for class certification identified the frequency persistency, the nature of the non-compliance (also prior Summary Judgment Proceedings), and the number of persons adversely affected. Defendant has not argued that their non-compliance was not intentional. Their conduct was intended although they claim a mistake as to the understanding of the law. An analysis of the resources of the defendant will be the subject of further proceedings.

REPLY RE CLASS MOTION FOR
SUMMARY JUDGMENT - 4

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611

## IV. WASHINGTON COLLECTION AGENCY ACT

Defendants argue that there is no remedy except the WCPA for violations of the WCAA. This is not true. There are at least two remedies identified in the WCAA. The first is as defendants identifies that a violation is a "per se" violation of the WCPA.. The second is codified in RCW 19.16.450 which is a penalty for violation of any part of the prohibited practices section in RCW 19.16.250 in the collection of a claim.

If "in the collection of a claim" the collection agency engages in "an act or practice that violates RCW 19.16.250", then RCW 19.16.450 bars the collection agency and the original creditor from attempting to "collect any interest, service charge, attorneys fees, collection costs, , delinquency charge, or any other fee or charges ... on such claim". The remedy in this case is the refund(if already collected) or credit to the account of each debtor of all such charges.

Respectfully submitted this 3rd day of December 2001

MICHAEL D. KINKLEY P.S.

_____
Michael D. Kinkley

REPLY RE CLASS MOTION FOR
SUMMARY JUDGMENT - 5

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
914 NORTHTOWN OFFICE BD.
Spokane Washington 99207
(509) 484-5611