FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 0 1 2002

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL P. CAMPION, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT BUREAU SERVICES, INC. (a Washington corp.), DARLENE M. BRIGHT and JOHN DOE BRIGHT (Wife and Husband), THOMAS J. MILLER and JANE DOE MILLER (Husband and Wife),<br><br>Defendants. | NO. CS-99-0199-EFS<br><br>**ORDER GRANTING IN PART AND DENYING THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT,** |

On December 19, 2001, the Court heard argument on the parties cross motions for summary judgment. The parties addressed Defendants Credit Bureau Services, Inc., and Darlene M. Bright's Motions for Partial Summary Judgment, (Ct. Rec. 168), Partial Summary Judgment - Actual Damages Under FDCPA, (Ct. Rec. 176), Defendant Credit Bureau Services, Inc.'s Supplemental Motion for Summary Judgment on Net Worth of Credit Bureau Services, (Ct. Rec. 180), and Plaintiff Michael Campion's Class Motion for Partial Summary Judgment, (Ct. Rec. 173). Michael D. Kinkley appeared on behalf of Plaintiffs. Jed W. Morris

ORDER * 1

appeared on behalf of the Credit Bureau Defendants. Terrence J. Cullen appeared on behalf of Defendant Thomas J. Miller. This Order memorializes and supplements the oral rulings of the Court.

## I. BACKGROUND

The facts of the case are known to the parties. The Court will not repeat them, as they have been detailed in several of this Court's prior orders. Insofar as facts are necessary to resolve the motions now before the Court, they are stated below. This Court granted in part and denied in part similar cross motions for summary judgment involving the Plaintiff, Michael Campion as an individual, (Ct. Rec. 104). Now, the parties to seek extend to the class many of the rulings made with respect to the Campion individually. In addition, the parties seek resolution of a number of issues added by the certification of a class.

## II. Standard for Summary Judgment

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court does not weigh the evidence nor assess credibility; rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary

judgment. *Id.* at 248. Thus, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.* There is no genuine issue for trial if the evidence favoring the non-movant is "not significantly probative." *Id.* at 249. This standard supports the policy of the summary judgment rule, "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

If the party requesting summary judgment demonstrates the absence of a genuine issue of material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. Therefore, the burden on the party moving for summary judgment may be met by establishing "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

### III. Issues Presented

Defendants Credit Bureasu Services, Inc. ("CBS") and Darlene M. Bright ("Bright") have moved for partial summary judgment: (1) dismissing the state law claims of the Plaintiff class, and (2) finding that net worth for the purposes of statutory damages is based upon book value and not fair market value. (Ct. Rec. 168.) CBS and Bright have also moved for partial summary judgment dismissing the Plaintiff class's claim for actual damages. (Ct. Rec. 176.) Finally,

ORDER * 3

CBS has moved for partial summary judgment that its net worth is $467,251. (Ct. Rec. 180.)

Plaintiff Campion has moved, as representative of a class, for partial summary judgment on six individual issues:

1. the Defendants violated the Fair Debt Collections Practices Act ("FDCPA").
2. the Defendants should pay one percent (1%) of their net worth as statutory damages.
3. Defendants CBS and Bright have violated the Washington Consumer Protection Act ("WCPA").
4. Defendant CBS violated the Washington Collection Agency Act and should be liable for remedies.
5. Defendants are liable for actual damages to members of the class.
6. Defendants are liable for damages for the amount garnished in excess of an existing judgment.

(Ct. Rec. 173.)

**IV. Discussion**

A number of the issues on which the parties seek partial summary judgment are either uncontested, or opposed only insofar as opposed in prior rulings. Therefore, summary judgment may be granted on a number of issues without extended analysis. *Cf.* LR 7.1(b) (warning that failure to oppose a motion may be considered as consent to the entry of an adverse order).

The Plaintiff class has not opposed CBS and Bright's motion for partial summary judgment that Net worth is based upon book value, (Ct.

ORDER * 4

Rec. 163). As such, Defendants' motion is **granted**. Defendant CBS submitted an affidavit, (Ct. Rec. 182), in support of its Motion for partial summary judgment, (Ct Rec. 180), attesting that its book value is $467,251. The Plaintiff class responded to CBS's motion by saying "an analysis of the resources of the defendant will be the subject of further proceedings." (Ct. Rec. 185 at 4.) Discovery in this case ended October 8, 2001. (Ct. Rec. 152 at 2 ¶ 5.) FED. R. CIV. P. 56(e) states that: "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings. . . . If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Here, Plaintiff has failed to respond according to Rule 56(e). Therefore, Defendant's motion, is **granted**.

  In the remaining motions, the Defendant's key contention is that the Plaintiffs have shown no actual damages. If true, Plaintiff's partial motion for summary judgment subpart five, (Ct. Rec. 173), will be denied, and Defendant's motion for partial summary judgment, (Ct. Rec. 176), will be granted. In addition, Plaintiff's state law claims, for violation of the Washington Collection Agency Act ("WCAA") and the Washington Consumer Protection Act ("WCPA") depend on actual damages. The only remedy available to this class for violation of the WCAA is a per se violation of the WCPA. However, to recover damages under the WCPA, a Plaintiff, or a Plaintiff class, must prove actual damages. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986).

ORDER * 5

Here, the Defendants argue that the Court has only ruled that the Defendants violated the FDCPA by mischaracterizing the amount in the affidavit as being reduced to a judgment when, in fact, the amount included costs and attorney's fees not reduced to a judgment but to which the Defendant was nevertheless entitled. In such circumstances, there can be no actual damages. The Defendant has not collected, or attempted to collect an amount from the class to which it was not entitled. The Plaintiffs have responded that while in the above scenario, there would be no actual damages, the Defendants also filed second and successive affidavits which included the costs and attorney's fees of unsuccessful garnishments. Plaintiffs argue that the Defendants could not collect such amounts, which creates actual damages. Defendants have responded to this argument that it violates the Court's order certifying the class.

On March 16, 2001, the Court granted class certification. (Ct. Rec. 144.) In that order, the Court distinguished between two classes sought to be certified:

> (1) <u>The Affidavit Class</u>, consisting of (i) all persons with addresses in the State of Washington (ii) to whom Defendants sent one or more Affidavit(s) for Writ of Garnishment which are the same or similar to either the affidavit in support of Writ of Garnishment A or the affidavit in support of Writ of Garnishment B (iii) regarding obligations incurred for personal, family, or household purposes (iv) which Affidavit(s) were not returned as undelivered by the Post Office (v) for the period prior

ORDER * 6

|   |   |
|---|---|
| 1 | to July 13, 1999, the date this action was filed, |
| 2 | corresponding to the statute of limitations of the violated |
| 3 | statute (one year for the FDCPA; four years for the WCPA and |
| 4 | WCAA); and |
| 5 | (2) <u>The Collection Without Judgment on Garnishment Answer</u> |
| 6 | <u>Class ("Collection Class")</u>, consisting of (i) all persons |
| 7 | (ii) from whom Defendants have (a) collected or attempted to |
| 8 | collect attorney fees and/or costs claimed by Defendants as |
| 9 | incurred for garnishment proceedings under the laws of the |
| 10 | State of Washington, or (b) collected or attempted to |
| 11 | collect money held by writ of garnishment (iii) without |
| 12 | first obtaining a judgment on the garnishment Answer against |
| 13 | the garnishee defendant that (a) awards those attorney fees |
| 14 | and/or costs against the judgment debtor in favor of the |
| 15 | judgment plaintiffs, or (b) awarding funds held by writ to |
| 16 | the judgment plaintiffs (iv) in connection with attempts to |
| 17 | collect debts incurred for personal, family, or household |
| 18 | purposes (v) for the period prior to July 13, 1999, the date |
| 19 | this action was filed, corresponding to the statute of |
| 20 | limitations of the violated statute (one year for the FDCPA; |
| 21 | four years for the WCPA and WCAA). |

(Ct. Rec. 144 at 10-11.) In that same order, the Court denied class certification of the Collection Class while granting certification of the Affidavit Class.

    Plaintiffs have met their burden of proving that the Affidavit Class satisfies the requirements of Fed. R. Civ.

ORDER * 7

P. 23(a) and (b)(3) with respect to the following common questions

    (1) Whether the affidavits sent to the class members in support of writs of garnishment misrepresented the "legal status" of unawarded attorney fees and costs by describing them as "judgment" amounts;

    (2) Whether the writs concerned obligations incurred for personal, family, or household purposes and not for business purposes;

    (3) Whether the affidavits were delivered to the debtor class members; and

    (4) Whether the affidavits were sent within the statute of limitations period for the FDCPA, WPAA and WCPA.

(Ct. Rec. 144 at 28.)

The above language depicts a statutory damages Affidavit class, not an actual damages Collection class. Therefore, insofar as the Plaintiff class seeks actual damages, their request violates the Court's Order Denying Motion to Dismiss, and Granting in Part and Denying in Part Motion to Strike and Motion for Class Certification, (Ct. Rec. 144). The certified class has no actual damages. Plaintiff's partial motion for summary judgment subpart five, (Ct. Rec. 173), is denied. Defendant's motion for partial summary judgment, (Ct. Rec. 176), is be granted. Defendant's Motion for partial summary judgment dismissing Plaintiff's state law claims, (Ct. Rec. 168), is granted.

ORDER * 8

Based upon the above rulings, the Court can dispose of the rest of Plaintiff's motion for partial summary judgment, (Ct. Rec. 173). Subpart One asks the Court to extend to the class the judgment that the Defendants violated the FDCPA. Defendants oppose this motion by relying on their opposition to Campions's individual motion, only noting that grant should be limited to the certified class. The Court ruled against them there, and does so again. Subpart One is **granted**, insofar as it extends to the Affidavit class. Subpart Two requests judgment that the Defendant should pay one percent of their net worth as statutory damages. Defendants have responded that the one percent figure is the ceiling and not the exact figure. They are correct. 15 U.S.C. 1692k(b)(2). Subpart Two is **denied**. Subpart Three seeks extension of the Court's grant of summary judgment that the Defendants violated the WCPA. Again, Defendants oppose this motion by relying on their opposition to Campions's individual motion, only noting that grant should be limited to the certified class. The Court ruled against them there, and does so again. Subpart Three is **granted**, insofar as it extends to the Affidavit class. Subpart Four seeks extension of the Court's grant of summary judgment that the Defendants violated the WCAA. Defendants oppose this motion by relying on their opposition to Campion's individual motion. Subpart Four is **granted**, insofar as not inconsistent with the Court's ruling on actual damages.

Subparts Five and Six seeks summary judgment awarding actual damages to the Plaintiff class. Above, the Court ruled that the class certified does not include actual damages. Therefore, these subparts are **denied**.

Accordingly, for the reasons set forth herein,

**IT IS HEREBY ORDERED:**

1. Defendants Credit Bureau Services, Inc., and Darlene Bright's Motion for Partial Summary Judgment, **(Ct. Rec. 168)**, is **GRANTED**.

2. Plaintiff's Motion for Partial Summary Judgment, **(Ct. Rec. 173)**, is **GRANTED in part** and **DENIED in part**, as is set forth above.

3. Defendants Credit Bureau Services, Inc., Darlene Bright's Motion Partial Summary Judgment – Actual Damages Under FDCPA, **(Ct. Rec. 176)**, is **GRANTED**.

4. Defendants Credit Bureau Services, Inc.'s Supplemental Motion for Summary Judgment on Net Worth of Credit Bureau Services **(Ct. Rec. 180)**, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to:

A. Enter this Order;

B. Provide copies of this Order to counsel; and

**DATED** this _1st_ day of March 2002.

_____
EDWARD F. SHEA
United States District Judge

Q:\Civil\1999\0199.ord.class MSJ.wpd

ORDER * 10